LENA BAXTER, Respondent, v. HARRY TROLL, Public Administrator, Appellant.

Springfield Court of Appeals, January 3, 1911.

1. DECLARATIONS OF LAW: Trial on Right Theory. In a case tried before the court without a jury, the only purpose which declarations of law serve is to show the theory upon which the court tried the case, and if the case was tried upon the correct theory, and the correct result reached, the judgment will be affirmed, notwithstanding there may have been error in giving or refusing declarations of law.

2. ——————: Trial on Wrong Theory. If it appears that a case was tried upon a wrong theory, and it shall further appear that if it had been tried upon a correct theory a different result might have been reached, then the judgment will be reversed for errors in the declarations of law.

3. CONTRACTS: Implied Contracts: Labor and Supplies Furnished: Evidence of Gratuity. Plaintiff filed a claim against decedent's estate for services rendered and for furnishing food to deceased during her lifetime. The evidence was sufficient to show an understanding between the parties that the services rendered should be paid for. It was also sufficient to warrant a finding that the services were gratuitously rendered without any agreement for compensation. *Held*, under the evidence in this case that it was error for the trial court to decide the case on the theory that if the evidence established the fact that the services were rendered, the law would imply a promise to pay therefor.

Baxter v. Troll.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Phillips W. Moss* for appellant.

(1) No contract to pay for services will be implied unless the circumstances under which they were rendered show that such was the intention of the parties at the time. Morris v. Barnes' Admr., 35 Mo. 412; Bittrick v. Gilmore, 53 Mo. App. 53; Hayden v. Parson, 70 Mo. App. 493; McQueen v. Wilson, 51 Mo. App. 138; Johnson v. Kimball, 172 Mass. 398; Van Slambrock v. Little's Estate, 127 Mich. 61; Weidman v. Thompson, 65 N. Y. S. 481; Margraff v. McLean, 64 N. Y. S. 1112; Baker v. Dauson, 131 N. C. 227; Normile v. Osborn, 207 Pa. 367; Green's Estate v. Green, 119 Ky. 103; Baxter's Admr. v. Knox, 44 S. W. 972; In re Hanson's Estate, 133 Calif. 38. (2) A claim advanced against the estate of a decedent which was not made during the lifetime of the decedent is looked upon with suspicion. The presumption is against its validity, and it must be supported by the burden of proof. Watkins v. Donnelly, 88 Mo. 324; Aull Savings Bank v. Aull, 80 Mo. 201; Grossman v. Thunder, 212 Pa. 274; Kearney v. McKeon, 85 N. Y. 139; Weidman v. Thompson, 65 N. Y. S. 481.

*John W. Matson* for respondent.

(1) The general rule to be extracted from the cases in this state is, that where one performs valuable services for another, the benefit of which has been received and enjoyed by him, the law presumes an intention on the part of the former to charge and the latter to pay the reasonable value thereof, and raises on the part of such latter a promise to pay such reasonable value. Moore v. Renich, 95 Mo. App. 207. (2) Where a servant employed at stipulated wages, performs

extra work with the expectation of receiving extra compensation she was entitled to recover such sum although she testified that she would have performed the services without any promise of compensation. Graham v. Rapp, 105 Mo. App. 590. (3) If such services are rendered where the family relation, as in this case, does not exist, the burden is on the part of the party who accepted the service to prove it was rendered gratuitously, otherwise the contract for compensation will be implied. McMorrow v. Dowell, 116 Mo. App. 297; Christinson v. McDormet, 123 Mo. 448. (4) Where the case was tried by the court without a jury, there is no occasion for reversing the judgment because erroneous declarations of law were given. Rothenberger v. Garrett, 224 Mo. 192; Vandiver v. Robertson, 125 Mo. App. 314; Gardner v. Robertson, 208 Mo. 605.

COX, J.—Plaintiff presented to the probate court of the city of St. Louis an account against the estate of Elizabeth C. Dunham, for services performed and supplies furnished to said Dunham from July 10, 1904, to September 28, 1906, "In waiting on her, personal attention given her, supplying her with meals and eatables, cleaning and caring for her room, clothes, and sitting up with her and other personal attentions given her during said time at special instance and request while the said Elizabeth C. Dunham was in the city of Louisiana, Missouri, at the rate of two dollars per day, $1460." Upon trial in the probate court the demand was allowed in the sum of $730. The administrator appealed to the circuit court, where upon trial *de novo* before the court without a jury the issues were again found for plaintiff, the amount allowed being $1028. The administrator has appealed to this court. The errors assigned relate chiefly to the giving and refusing of instructions or declarations of law.

In a case tried before the court without a jury the only purpose which the declarations serve is to show

the theory upon which the court tried the case, and if the case was tried upon the correct theory, and a correct result reached, the judgment will be affirmed notwithstanding there may have been errors in giving or refusing declarations of law. [Hellmuth v. Benoist, 144 Mo. App. 695, 129 S. W. 257; Vandiver v. Robertson & Son, 125 Mo. App. 307, 102 S. W. 659.] If it shall appear, however, that the case was tried upon a wrong theory, and it shall further appear that if it had been tried upon a correct theory a different result might have been reached then the judgment will be reversed for errors in the declarations of law.

The evidence in this case discloses that the deceased, Elizabeth C. Dunham was a very old lady, living in the city of St. Louis; that she went to Louisiana, Missouri, where the plaintiff, Lena Baxter, resides, and during the time alleged in plaintiff's account, roomed at plaintiff's home in Louisiana, Missouri, and had a contract with the plaintiff by which the deceased was to pay plaintiff $1.50 per week for a room and twenty cents per meal for what she ate, and that the plaintiff was to furnish her, under this contract, one meal per day, and deceased was to take care of her own room.

The claim in question is for extra services rendered to the deceased during the time she stayed at plaintiff's house under the contract aforesaid. On the part of plaintiff there was testimony tending to show that plaintiff rendered services to the deceased in the manner alleged and some testimony that deceased had promised to pay for the same. While on the part of the defense there was testimony tending to show that the deceased, Mrs. Dunham, was a lady of considerable wealth; that she was very prompt with her business transactions; that she never accumulated any debts and always paid her bills promptly. It was admitted on the trial that the original contract under which Mrs. Dunham went to Mrs. Baxter's was that Mrs. Dunham was to have a room at Mrs. Baxter's for $1.50 per week, the room to

be cared for by Mrs. Dunham herself, and that Mrs.
Baxter was to furnish Mrs. Dunham dinners for the
sum of twenty cents each, and that Mrs. Dunham had
paid for the room and the dinners; that Mrs. Dunham
died on the 22d day of August, 1907. It further ap-
peared in the testimony that after Mrs. Dunham left
Mrs. Baxter's she returned to St. Louis, where she re-
mained for almost a year; that during this time she
wrote letters to Mrs. Baxter and in these letters noth-
ing was said about her being indebted to Mrs. Baxter,
and the neighbors of Mrs. Baxter who conversed with
her freely, never, at any time, heard her make any state-
ment that Mrs. Dunham was indebted to her.

The evidence in this case was sufficient to show
an understanding between the parties that the extra
services rendered should be paid for. It was also suffi-
cient to warrant a finding that the services were gra-
tuitously rendered without any expectation of compen-
sation. The court gave, at the instance of the plaintiff,
five declarations of law and refused nine which were
asked by defendant. Without reviewing these instruc-
tions in detail, suffice it to say that they show clearly
that the court tried the case upon the theory that if the
evidence established the fact that the services were ren-
dered the law would imply a promise to pay therefor,
and that plaintiff was entitled to recover if the services
were rendered, and refused to give the declarations of
law asked by the defendant which, if the case had been
tried by a jury, would have submitted to them the issue
as to whether the services were rendered gratuitously
and without any intention to charge. We think this
was error. Had the case been tried by a jury and these
instructions refused it would clearly have been rever-
sible error under the evidence in this case, and the fact
that the case was tried before the court without a jury
does not cure the error in this case for it indicates that
the court excluded from its consideration all the testi-

mony indicating that the services were rendered without expectation of compensation.

Under the facts disclosed in this case which show that the deceased was in the home of plaintiff as a boarded, under an express contract, by which she was to pay $1.50 per week for room, and twenty cents for each meal she ate, and that she paid this obligation in full, we think that the fact that further services were rendered during this time does not necessarily raise the presumption that the parties understood at the time that these extra services were to be paid for. We think, under the facts of this case, that whether these extra services were to be paid for or not was clearly a question for the jury and the burden of establishing the fact that they were to be paid for should have been placed upon the plaintiff. It would not be necessary, however, that plaintiff should prove an express contract, but the proof might be made by circumstances surrounding the rendition of the services, but at the same time, the burden of establishing the fact in some way should have been placed upon the plaintiff, and the mere fact that the services were rendered ought not, we think, under the facts shown in this case, to be sufficient to warrant a recovery. Judgment reversed and cause remanded. All concur.