NELLE C. MILLIGAN, Executrix, Respondent, v. G. D. MILLIGAN Grocer Company, a Corporation, Appellant.

Springfield Court of Appeals, June 18, 1921.

1. **CORPORATIONS: Estopped to Question Validity of Dividend.** Where directors of a corporation, individually and as a board, conducted the business of the corporation on the assumption that

a certain dividend declared by only a part of the directors was valid and executrix of a stockholder knew of such conduct and relied on it when selling the stock of deceased, the corporation was estopped from questioning the validity of the dividend in action by executrix to recover the same, having permitted the dividend to be transferred to another on the books of the company without an assignment from the executrix.

2. **WITNESSES:** Surviving Director of Corporation Held not Disqualified as Witness. Corporate directors present at a special meeting, in an action by executrix of the deceased director to director, to testify that an absent director had no notice of the meeting, in an action by executrix of the deceased director to recover a dividend declared at such meeting, under Revised Statutes 1919, section 5410; the directors not standing in the relation to each other as parties to a contract or a cause of action within the meaning of the statute.

3. **CORPORATIONS:** Action of Stockholders Must be Unanimous to Ratify Order of Directors. Action or want of action by stockholders, based on actual knowledge, must be unanimous in order to constitute a ratification of an order of a portion of the board of directors.

4. ————: Stockholder Cannot Declare Dividend nor Ratify Void Declaration Thereof. Under Revised Statutes 1919, section 10153, stockholders of a corporation cannot, even in the most formal way, at a legal stockholders' meeting and by unanimous vote, declare a dividend and enforce its payment without the consent of the board of directors, nor can they by the same formal action ratify a void order of the board of directors declaring a dividend without the consent of the board of directors.

5. ————: Ratification of Void Order Declaring Dividend Must be by Board of Directors. Ratification of an order declaring a dividend, void because made by only part of the board of directors, must come about by some action or want of action by board of directors acting as such, as the corporation cannot be bound by individual action or silence of the members of the board acting separately, under Revised Statutes 1919, section 10153.

6. ————: Void Order Declaring Dividend Held Ratified. An order declaring a dividend void because made by only part of the board of directors, *held* ratified by the board by the crediting of the amount of the dividend to the stockholders and transferring such credits upon the books from the account of sellers of stock to that of purchasers.

7. ———: **Void Order Declaring Dividend Ratified by Informal Action.** Ratification of an order declaring a dividend void because made by only a portion of the board of directors, may be shown without showing any formal action of the board of directors or proving it by a record of the proceedings of the board at a regular meeting; anything from which may be clearly found as a fact that the board as a board had agreed that the void action should be binding, being sufficient.

8. **APPEAL AND ERROR: Erroneous Declarations of Law in Case Tried Before Court not Ground for Reversal of Correct Judgment.** The only office filled by declarations of law in a case tried before the court without a jury is to show the theory on which the trial court decided the case, and when a finding of facts is filed and it appears from the facts found that the final conclusion of the court is correct, his judgment should be affirmed, notwithstanding erroneous declarations of law and error in refusing declarations of law.

Appeal from Greene Circuit Court.—*Hon. Orin Patterson,* Judge.

AFFIRMED.

*Barbour & McDavid* for appellant.

(1) A dividend can be declared only by the board of directors when acting together in a legally assembled meeting, and hence, no one other than the board of directors acting in a subsequent legally assembled meeting can ratify a defectively declared dividend. Sec. 3348, R. S. 1909; Sec. 6, By-Laws of Defendant; Secs. 516 and 523, Clark & Marshall Corporations; Thompson on Corporations (2 Ed.), sec. 5285; Cook on Corporations (7 Ed.), sec. 545; Grant v. Ross, 37 S. W. 263; King v. Railroad, 29 N. J. Laws 88; Cuppy v. Ward, 176 N. Y. Supp. 237 (5); Hunter v. Roberts Co., 83 Mich. 71; Price v. Mining Co., 83 Mo. App. 476; Hamblock v. Mower Co., 148 Ill. App. 621; In re Goetz's Estate (Penn.), 85 Atl. 67; State ex rel. v. Rubber Co., 149 Mo. 202; Zinc Co. v. Boyd, 192 Mo. 613. (2) Until a dividend has been actually set apart by a corporation, it does not become segregated from the corporate property of the shareholders

distributively. A dividend is not a debt due a stockholder until it has been properly and rightly declared. Clark & Marshall Corporations, sec. 517; Thompson on Corporations (2 Ed.), sec. 5290; Sanitarium v. McCune, 112 Mo. App. 336; Kidd v. Ford Co., 145 Mo. App. 522, McLaren v. Planing Mill Co., 117 Mo. App. 46; Price v. Mining Co., 83 Mo. App. 476; Fricke v. Angemieir, 101 N. E. 331; King v. Railroad, 29 N. J. Law, 88; Hamblock v. Mower Co., 148 Ill. App. 621; In re Goetz's Estate, 85 Atl. 67. (3) Acceptance of dividends unlawfully declared does not constitute ratification. Thompson on Corporations (2 Ed.), sec. 5367; Hilles v. Parrish, 14 N. J. Eq. 388. (4) Cook Corporations (7 Ed.), sec. 545; "The board of directors declare the dividends, and it is for the directors, and not the stockholders, to determine whether or not a dividend shall be declared." Citing: Schell v. Alston Mfg. Co., 149 Fed. 442; Grant v. Ross, 100 Ky. 44, 37 S. W. 263; Hunter v. Roberts, 83 Mich. 63. (5) "Until a dividend of the profits of a corporation has been declared by its board of directors, a stockholder has no legal title to any interest in them. The shares of stock which he holds represents only a right to participate in the profits, and that right is to be enforced ordinarily only after a dividend of the profits has been declared. Corgan v. Lee Coal Co., 218 Pa. 386, 67 Atl. 655, 120 Am. St. Rep. 891, 11 Ann. Cas. 838; Hyatt v. Allen, 56 N. Y. 553, 15 Am. Rep. 449; Goodwin v. Hardy, 57 Me. 143, 99 Am. Dec. 758; Phelps v. Farmers' & Merchants' Bank, 26 Conn. 269; Cook on Stock and Stockholders and Corporation Law, 4." (6) Business transacted at a director's meeting held without notice to all the directors may be ratified by the directors at a subsequent legal meeting. The power of ratification is limited, however, to the extent that there can be no ratification unless the person or body making the ratification could in the first instance have authorized the act sought to be ratified. Clark & Marshall Corporations, Secs. 682, 714; 10 Cyc. 1072 (6) Citing: Calumet Co. v. Printing Co., 144 Mo. 331; Dillon Municipal Corpora-

tions (5 Ed.), sec. 799; Thompson Corporations (2 Ed.), sec. 1165 and 1168; Taymouth v. Kochler, 35 Mich. 27; State ex rel. v. Milling Co, 156 Mo. 634; Kroffe v. Springfield, 86 Mo. App. 530; Johnson v. School District, 67 Mo. 319. (7) A dividend can be declared only by the directors acting together in a legal meeting, and hence, their defective action can be ratified, if at all, only in a regularly assembled meeting and not otherwise. Thompson Corporations (2 Ed.), secs. 805, 1069, 1072 and 1073; Clark & Marshall Corporations, secs. 677, 728, 729; Dillon Municipal Corporations (5 Ed.), sec. 501; Johnson v. School District, 67 Mo. 319; Calumet Co. v. Printing Co., 144 Mo. 338; Zinc Co. v. Boyd, 192 Mo. 613; State v. Perkins, 90 Mo. App. 610; Cann v. Rector, etc., 111 Mo. App. 189; Coleman v. Insurance Co., 273 Mo. 627; Hill v. Mining Co., 119 Mo. 29 (VI); Lyons v. Corder, 253 Mo. 551.

*E. P. Mann* and *W. D. Tatlow* for respondent.

No brief for respondent.

COX, P. J.—Action by Nelle C. Milligan, executrix of the last will and testament of Alva D. Milligan, deceased, against G. D. Milligan Grocer Company, a corporation, to recover $5950 and interest as dividend on 238 shares of capital stock in the corporation. The petition alleges that deceased, Alva D. Milligan, was the owner of 238 shares of stock of the defendant at the time of his death on or about January 4, 1919. That on or about April 20, 1918, the board of directors of defendant declared a dividend of $25 on each share of stock which amounted to $5950 on the 238 shares held by Alva D. Milligan at his death and that it has not been paid. The petition further alleges that after said dividend was declared, to-wit, on or about April 22, 1918, the said dividend was credited to the several stockholders on the books of the corporation and so remained credited on said books at the time of the death of the deceased and

at the time the stock of, deceased was sold by order of the probate court and that a part of said dividend was afterward paid to some of the stockholders. That the declaration of said dividend was known to and acquiesced in by all the directors and stockholders and recognized by them as a debt and obligation of the corporation to the respective stockholders and that the defendant corporation as well as its directors and stockholders are estopped from denying or questioning the validity of said declaration of dividend.

The answer denies that a dividend was declared by the board of directors or that it was credited to the stockholders on the books of the corporation or that such alleged action was known and acquiesced in by all the directors and stockholders or that they or the corporation are estopped to resist the payment of said alleged dividend. It further alleges that on April 20, 1918, the board of directors of the corporation consisted of three members: Alva D. Milligan, F. A. Leard and Madge E. Milligan. That on that date, two of said directors met in special meeting and made the order declaring the dividend but without notice to Madge E. Milligan, the other member, and therefore, their action at that time was void.

The trial was had before the court without a jury. Judgment for plaintiff and defendant has appealed.

A finding of facts was filed by the trial judge from which we note the following: The court found that defendant is a corporation with a capital stock of $100,000 dividend into 1000 shares of the par value of $100 each. In 1918, Madge E. Milligan was president, F. A. Leard, her brother, Vice-President, and Alva D. Milligan was Secretary and General Manager and he had active charge of the business. Its directors were Madge E. Milligan, Alva D. Milligan, and F. A. Leard. The records of the corporation show that a special meeting of its directors was held on April 2., 1918, at which a dividend of $25 on each share for the year ending December 31, 1917, was declared. At this meeting, only F. A.

Leard and Alva D. Milligan were present and the other member of the board, Madge E. Milligan, had no notice of the meeting and was not present, Alva D. Milligan died in January, 1919. Plaintiff is executrix of his will. That Alva D. Milligan was the owner of 238 shares of stock and his part of the dividend has not been paid. All of the stockholders resided in Springfield, Missouri, except Norvell W. Milligan who lived in California. The stock was held as follows: Madge E. Milligan 262 shares; Madge E. Milligan, trustee for Hester Milligan 262 shares; Alva D. Milligan 238 shares; Mary Milligan Clement 118½ shares; Norvell W. Milligan 118½ shares; F. A. Leard 1 share. On April 22, 1918, the purported dividend was extended on the books of the corporation as credits in favor of the respective stockholders according to their interests. At or about that time every stockholder was notified of the declaration of the dividend by a document called a "trial balance." These documents showing the dividend, with other information, were sent to the stockholders a number of times. No stockholder or director ever objected to the said dividend nor prior to this suit challenged its validity but they all acquiesced in it. After Norvell W. Milligan was notified of the dividend, he asked that it be paid but was informed by Alva D. Milligan that the corporation was not ready to pay. In June, 1918, Norvell drew a draft for $500 on the corporation which was paid and charged against his share of the dividend which amounted to $2962.50. In June, 1919, Madge E. Milligan, acting for herself and certain employees of the corporation, purchased the stock of Norvell W. Milligan for $50,000 less certain deductions among which was the $500 received on the said draft and this $500 was paid by her to the company. This left the original credit of $2962.50 credited to him on account of the supposed dividend in tact and was then credited to the "employees" account for whom Madge E. Milligan had bought the stock.

In June, 1919, the plaintiff, under order of the probate court sold as executrix the 238 shares of stock owned

by Alva D. Milligan, to Madge E. Milligan. This stock was appraised at its book value, omitting the dividend. In the negotiations for this sale, both plaintiff and Madge E. Milligan acted in recognition of the validity of the dividend of April 20, 1918 and straightway after the sale, the dividend of $5950 that had been credited to Alva D. Milligan was transferred on the books of the company to Madge E. Milligan without an assignment thereof from plaintiff. All the stockholders knew about the dividend and all the directors knew all of the particulars about this dividend. The by-laws of the company enabled either of the three directors to call a special meeting of the board. The by-laws also provided for two regular meetings each year of the board and at least one of these had been held. There had been no disavowal of the dividend nor a cancellation of the credits entered because of the dividend.

Because the directors of the corporation individually and when acting as a board conducted the business of the corporation on the assumption that the dividend of April 20, 1918, was valid and because plaintiff knew of that conduct and relied on it and because the corporation cannot restore the *status quo ante* the corporation is estopped from questioning the validity of the dividend. The corporation accepted or affirmed the validity of the dividend by failing to challenge it in any of its meetings and by permitting the dividend to be carried on its books as credits to stockholders for more than a year and by permitting plaintiff's interest therein amounting to $5950 to be transferred to another on the books of the company without an assignment from plaintiff.

The trial court held that the purported action of the board of directors on April 20, 1918, was illegal because one director was not notified of the meeting but held that the corporation became bound by it on the theory of estoppel and by ratification and found for plaintiff for $5950 and interest at six per cent from August 21, 1919.

The finding of the court that Madge E. Milligan, one of the directors was not notified of the meeting of the board on April 20, 1918, was based on the testimony of F. A. Leard and Madge E. Milligan, who were directors at that time. Respondent contends that by the death of Alva D. Milligan, one of the directors who participated in the meeting on April 20, 1918, the other directors, F. A. Leard and Madge E. Milligan, are by statute rendered incompetent to testify that no notice of that meeting was given to Madge E. Milligan, the other director, and with their testimony eliminated, there is no evidence that such notice was not given and in that situation, the law will presume that the meeting was regularly called and the record being regular on its face must stand as valid and binding.

Respondent also contends that even if these witnesses are held competent and the finding that no notice of that meeting was given is warranted, yet the action of the two members of the board has since been ratified by the corporation through its directors and stockholders and also that it is now estopped to deny the validity of the declaration of the dividend.

Appellant's contention is that the holding of the trial court that F. A. Leard and Madge E. Milligan, directors, were not disqualified as witnesses by the death of the other director, Alva D. Milligan, was right and that the finding from their testimony that Madge E. Milligan had no notice of the special meeting of the board of directors on April 20, 1918, at which the dividend in question purports to have been declared was also right and therefore that action of the board as shown by the record of the board's proceedings was void is also correct, but that the finding of the court that the corporation had ratified the action of the two in declaring a dividend or that it is now estopped to deny the validity of the declaration of a dividend at that time is not warranted by the evidence and hence the finding should have been for defendant.

The question of the competency of F. A. Leard and Madge E. Milligan as witnesses to testify that no notice of the special meeting of the board of directors was given has been most ably briefed by counsel and may authorities cited to uphold the opposing contentions. Space will not permit a full review of these cases. The statute, now Section 5410, Revised Statutes 1919, by its very language imports that its provisions are to apply whenever there are two or more parties to a contract or cause of action that may thereafter be in issue and on trial in court and at the time of the trial, one of these parties shall be dead or insane. The purpose of this statute is to prevent a living party from giving, in his interest, his verson of the contract or cause of action when death has closed the lips of the other party whose version of what occurred cannot be given in support of his interest.

The language of the statute and the reason of the rule contemplate that the parties to whom the prohibition of the statute applies means parties whose interest in the contract or cause of action in issue are adverse to each other. This adversity of interest furnishes the reason for the rule and if there is no adversity of interest, then there is no reason why the death of one party should disqualify the other party as a witness. The statute does not undertake to disqualify the living party absolutely. Its purpose is to disqualify him when and only to the extent that his testimony might be be subject to question by the other party. [Elsea v. Smith, 273 Mo. 396, 202 S. W. 1071.]

In attempting to declare a dividend on April 20, 1918, we do not think F. A. Leard and Alva D. Milligan stood in the relation to each other and to Madge E. Milligan, the other director, as parties to a contract or cause of action within the meaning of our statute. They and Madge E. Milligan, the other director, were the agents of the corporation charged jointly and mutually, not adversely, with the management of its affairs. They were each charged with the same duty and were required

207 Mo. App.—31

to keep the same purpose in view in the performance of their duties as directors. Their interests were mutual and co-ordinate, not adverse. If the deceased director were now alive, his interest in the result of this litigation would be the same as the interest of the living members whom it is now contended are rendered incompetent as witnesses by his death. Except in torts, the statute was intended to apply to a situation in which there should be *negotiation* as distinguished from *consultation,* that is, there must enter into the transaction the element of adverse interest in some way at the time the contract was entered into or the cause of action, whatever it be, was finally consummated as distinguished from a consultation and agreement reached in relation to a matter in which the interests of all the parties were mutual.

If the statute should disqualify witnesses situated as are these parties, then the most baneful result might follow. Suppose a meeting of the board of directors of a corporation is regularly held and some important action is taken that might affect the entire future of the corporation but by some oversight or accident, the action taken is not entered on the record of the proceedings had at that meeting. Then should it afterward become necessary to prove what action was taken by the board, it could be shown by the oral testimony of members of the board who were present. [Preston v. M. Penn R. R. Co., 51 Mo. 43; Taussig v. St. Louis & Kirkwood Ry. Co., 166 Mo. 28, 65 S. W. 969; Sanitary Co. v. Reed, 179 Mo. App. 164, 174, 161 S. W. 315; Walker v. M. W. A., 190 Mo. App. 355, 363, 177 S. W. 331.]

If the death of a member of the board should render all other members thereof incompetent to testify, then if no record had been made of the board's action, no proof thereof could be made. We do not think the statute was meant to apply to a situation such as we have in this case and we hold that the witnesses were competent and the conclusion of the trial court that the

order of April 20, 1918, declaring the dividend was void when made is correct.

Respondent contends that the stockholders ratified the declaration of a dividend by making no objection thereto. This is based on the fact found by the trial court that all of the stockholders were informed of the action taken on April 20, 1918, and also that stockholders are presumed to know what their board of directors do and with this knowledge acquiesced in what was done and by this acquiescence made the void order valid. We do not think that position tenable in this case. The trial court was in error in finding that all the stockholders were informed of the attempted declaration of 'a dividend on April 20, 1918. The court finds that what was termed ''trial balances'' was sent to all the stockholders soon after the dividend was declared and that a number of trial balances were afterwards sent to all the stockholders and that these ''trial balances'' showed this dividend. The court also found that all of the stockholders resided in Springfield, Mo., except Norvell W. Milligan. These findings are not supported by the evidence. The evidence shows that the ''trial balances'' were sent to stockholders *upon request,* only, and there is no evidence that Mary Milligan Clement, one of the stockholders, lived in the City of Springfield, Mo., or that she ever knew in any way or heard of this dividend or that she ever received a ''trial balance.'' This failure of proof eliminated any consideration of the effect of action or want of action on the part of the stockholders based on actual knowledge for it is conceded that if the stockholders could bind the corporation at all by a ratification of the order of April 20, 1918, their action must be unanimous.

It is next contended by respondent that the law presumes that the stockholders knew what the board of directors had done and are held in law to have knowledge of their action even though they had no actual knowledge thereof and we are cited to the cases of Feld v. Roanoke Inv. Co., 123 Mo. 603, 27 S. W. 635; Kitchen

v. Railroad, 69 Mo. 224; and Evans v. Railroad, 64 Mo. 453, to sustain that position. There is language used in those cases that indicates that the court held that view but when the facts of those cases are considered, it will be seen that they are so dissimilar to the facts in this case that the expressions there used can hardly be taken as authority for applying that presumption to Mary Milligan Clements in this case; but be that as it may, we do not think the want of action on the part of the stockholders is a controlling factor in this case, nor do we understand that the trial court based its judgment on the failure of the stockholders to protest against the declaration of this dividend.

Our statute, section 10153, Revised Statutes 1919, places the power to declare dividends in the board of directors and we do not understand that the stockholders possess that power. We do not say that a distribution of corporate earnings among the stockholders by unanimous consent might not, under some circumstances, be binding on the corporation, but that question is not involved here. This is a question of the ratification of a void act of two of the three members of the board of directors in attempting to declare a dividend. The stockholders could not even in the most formal way, at a legal stockholders meeting and by unanimous vote declare a dividend and enforce its payment without the consent of the board of directors. Neither could they by the same formal action have ratified the order of April 20, 1918, in this case and made the order valid without the consent of the board of directors.

Since the stockholders had no power to declare a dividend in the first instance, they could not by any form of ratification of the illegal act of another, impart life to that which they were powerless to create. Ratification to be effective must be by the same body invested with the power to act in the first instance. [Clark & Marshall on Corporation, sec. 682; Calumet Paper Co.

v. Haskill Show Prtg. Co., 144 Mo. 331, 338, 45 S. W. 1115.]

Ratification then, to be effective, must come about by some action or want of action by the board of directors acting as such who alone had the power to declare a dividend. Whatever is done by them, must be done as a board. If, too, the corporation is to be bound by the non-action or silence of the board, it must be such non-action or silence as applies to the board as such. The corporation cannot be bound by the individual action or silence of the members of the board acting separately. On this phase of the case, the situation is as follows: Dividends had been declared many times before and on being declared, it had been the universal practice of the corporation to place the amount of the dividends due each stockholder to his credit on the books of the corporation and then pay it to the stockholders. The same course as to entering the credits to the individual stockholders was followed in this instance. The credits were entered on April 22, 1918, just two days after the order declaring the dividend was made. There was evidence to justify a finding that one stockholder had been permitted to withdraw part of the dividend credited to him at one time but when he afterward sold his stock to another stockholder, he was required by the purchaser to return the amount drawn out and the credit to him was then transferred to the credit of the purchaser. The evidence further shows that the stock owned by Alva D. Milligan was sold by order of the probate court and after that sale, the dividend which stood to his credit was transferred on the books of the corporation to the credit of the purchaser of that stock. The by-laws of the corporation required the board of directors to meet regularly once every six months, in January and July. Whether or not a meeting of the board was held in July, 1918, does not appear but a meeting was held in January, 1919, and the record of that meeting does not show that any action was taken in relation to this dividend. The entries in the book showing this dividend

and the credits of it to the stockholders, were not changed and when this suit was brought in November, 1919, the dividend still stood to the credit of the stockholders as it had remained since June 22, 1918, except that as to what stock had been sold, it was transferred on the books from the account of the seller to that of the purchaser. We are of the opinion that the above facts would warrant a finding that the board of directors as such had ratified the void act of June 20, 1918, and made it valid. The board controlled the business of the corporation and it is well settled that what would bind an individual by estoppel binds the corporation and what would amount to ratification of the unauthorized act of an agent of a private person will operate as a ratification by a corporation. [Chouteau v. Allen, 70 Mo. 290, 325-326.]

It is also true that ratification may be shown without showing any formal action of the board of directors or proving it by a record of the proceedings of the board at a regular meeting. [Chouteau v. Allen, 70 Mo. 290; First National Bank v. Fricks, 75 Mo. 178, 183; Washington Saving Bank v. Butchers' & Drovers' Bank, 107 Mo. 133, 17 S. W. 644.]

Anything from which it may be clearly found as a fact that the board as a board had agreed that the void act should be binding will suffice. It seems to us that the fact that the dividend was credited on the books of the corporation to the individual stockholders immediately after it was purported to be declared, and had been permitted to so remain for about eighteen months before this suit was brought, and that in the meantime at least one regular meeting of the board was held and no order made of record disaffirming the former order declaring the dividend, and no order made directing a change in the credits thereof to the stockholders, is sufficient to justify a finding by the trier of the facts that the board as a board had decided to let the order remain and had thereby ratified and made it binding.

The trial court intermingled his conclusions of law with the finding of facts but we think the theory on which the trial court reached his conclusion that plaintiff should recover is indicated in the following excerpts which are found near the end of the finding of facts:

"Because the directors of the corporation individually and when acting as a board conducted the business of the corporation on the assumption that the dividend of April 20, 1918, was valid and because plaintiff knew of that conduct on the part of the corporation and relied upon it and because the corporation cannot restore the *status quo ante,* the corporation is estopped from questioning the validity of the dividend."

"The corporation's act of declaring the dividend of April 20, 1918, was within its jurisdiction but defectively exercised in this: That the dividend was declared when one of its directors was neither present nor notified. The declaration of the dividend on the face of the defendant's records was valid. It was up to the corporation to either reject it or accept it. The corporation accepted it by failing to challenge it at any of the corporate meetings and by permitting it to be carried on the books of the corporation for more than a year, not as a corporate asset, but as credits in favor of the respective stockholders in accordance with their interests therein."

The second paragraph quoted above expresses the conclusion of the trial court that the board of directors had ratified the declaration of the dividend. This we have already discussed and approved the conclusion reached.

By the first paragraph quoted above, it will be seen that the trial court held that by the conduct of the board of directors coupled with the fact that the plaintiff had relied on the validity of the declaration of the dividend of April 20, 1918, the corporation is estopped from questioning the validity of the dividend. This conclusion is based on the facts found, that the record of the corporation showing the declaration of this dividend was fair on its face. That the dividend was immediately there-

after passed to the credit of the individual stockholders and so remained until after the death of Alva D. Milligan and the sale of his stock by plaintiff as his executrix by order of the probate court, and that in the probate proceedings, the stock was appraised at its book value exclusive of the dividend and that the sale of the stock was based on its value without the dividend. We think the court's conclusion on these facts was correct. The books of the corporation showed the dividend segregated from the stock. The probate court had ordered the stock, not the dividend, sold. The law required the stock to be appraised before the sale and in determining its value for the purpose of appraisement, the dividend was not, and could not be, considered because it had been segregated from the stock and could not and did not pass with the sale of the stock. Madge E. Milligan, who purchased the stock, may have understood, and we infer from her testimony that she did understand, that the dividend went with the stock, but we cannot nor could the trial court in this action relieve against a mistake in judgment of the purchaser of this stock as to what went with it. Neither the estate of Alva D. Milligan nor the corporation could be bound by an opinion of the purchaser of the stock that was at variance with the correct conclusion to be drawn from the facts shown on the face of the records and books of the corporation and the proceedings in the probate court under which the purchase was made. After the sale of this stock, we have the following conditions with which to deal: An order appears on the records of the corporation showing a dividend declared. The books of the corporation show the dividend credited to the individual stockholders as their interests appear. The executrix of a deceased stockholder has sold the stock of her testator under order of the probate court with the dividend segregated. As far as this executrix is concerned, the board of directors could not, after the sale of that stock, disaffirm the dividend and turn her part thereof into the treasury of the corporation because to do so would result in injury to

the estate in her charge. We think these facts justify the application of the doctrine of estoppel.

Complaint is made that the declarations of law given at the request of plaintiff were erroneous. We have carefully examined these declarations and while we think some of them are erroneous, we are convinced that the trial court's final conclusions were correct. The only office filled by declarations of law in a case tried before the court without a jury is to show the theory on which the trial court decided the case and when a finding of facts is filed and it appears from the facts found that the final conclusion of the court is correct, his judgment should be affirmed notwithstanding the erroneous declarations of law. [Baxter v. Troll, 152 Mo. App. 557, 560, 133 S. W. 1188; Schoen Plumbing Co. v. Hugunin, 156 Mo. App. 68, 74, 135 S. W. 967; Smoke Preventor Co. v. St. Louis, 205 Mo. 220, 232, 103 S. W. 513; Rothenberger v. Garrett, 224 Mo. 191, 202, 123 S. W. 574.]

What we have said will also dispose of the contention that the court erred in refusing declarations of law asked by defendant.

Judgment affirmed.

*Farrington* and *Bradley, JJ.,* concur.