JOSEPH BARBATO, APPELLANT, v. BREEZE CORPORATIONS, INC., RESPONDENT.

Submitted February 13, 1942—Decided April 23, 1942.

For the appellant, *Frank Pascarella.*

For the respondent, *Harry Green.*

The opinion of the court was delivered by

PARKER, J. The suit is for dividends declared by respondent corporation but unpaid, and claimed by appellant as assignee thereof from one Ian T. Chalke, whose name appears on the corporate books as owner of the stock. The stock certificates were not produced at the trial (which was without jury) nor was any written assignment of said dividends to plaintiff put in evidence, but the fact of an assignment seems to have been stipulated. The trial court found as a fact, and on competent evidence, that Chalke, though entered on the books as owner of the stock, was not the owner; that the stock in question was the property of the defendant company, which it desired to market through another corporation called the J. R. Smith Investment Co., of which Chalke was an officer, and that it was placed in his name on the books so that it could be readily sold to purchasers on his endorsement for transfer. The court further found as a fact that the certificates had been then delivered by defendant to the Smith Company; and there was no evidence as to what had become of them. Chalke did not testify, being in California and claimed to be ill: so that what evidence there was as to the title to the certificates, showed that they, endorsed in blank by Chalke, had been turned back to the company and by it lodged with the Smith company as defendant's agents for sale as treasury stock.

We consider that there was no error at the trial. The Circuit Judge was trier of the facts and there was evidence to support his findings: so that on this limited ground there could be an affirmance.

But we incline to the view that the affirmance may be rested on a broader ground. Where a corporation declares a dividend, it is liable to a shareholder for the same. But cases arise in which the dividend is claimed by more than one party, as for example where a certificate of stock has been assigned but no transfer has been made on the books. In such case the rule seems settled that where the corporation, without notice of the transfer, makes a payment to the stockholder of record, it will be protected in so doing. 14 *C. J.* 819; *Campbell* v. *Perth Amboy Association,* 76 *N. J. Eq.*

347, 356; *Brisbane* v. *Delaware, Lackawanna and Western Railroad Co.*, 94 *N. Y.* 204, and that rule has been adopted by statute. *R. S.* 14:8-29. Whether, in the absence of a conflicting claim, the corporation is bound to pay to the party on record as owner, or may require the production of the certificate as issued and not transferred, is a question which does not seem to be discussed in the reported cases cited in the briefs or found on our independent examination. However, we think that from the rule that the corporation may safely pay to a "stockholder" of record, it follows as a corollary, that the company is not bound to pay such party registered as a "stockholder" absolutely and at all events, but is entitled before doing so to require satisfactory proof of his continued ownership. For present purposes, however, it is sufficient to say that the facts known to the corporation about the history of the stock amply supported its refusal to recognize the plaintiff's claim.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.