[L. A. No. 19804. In Bank. Nov. 1, 1946.]

WALTER J. MEYERS, Respondent, v. EL TEJON OIL AND REFINING COMPANY (a Corporation), Appellant.

Kendall, Howell & Deadrich, Roy. P. Dolley and Arthur B. Knight for Appellant.

Calvin H. Conron, Jr., for Respondent.

TRAYNOR, J.—On March 15, 1940, a dividend was declared upon defendant's common stock at a special meeting of defendant's board of directors attended by only four of its seven directors. No notice of the meeting was given to the directors as required by section 307a of the Civil Code, nor did the absent directors sign a waiver of notice or a consent to the meeting or an approval of its minutes as required by section 307b of the Civil Code. Plaintiff who was then vice-president of the corporation as well as one of its directors was present at the meeting. The dividend was paid in cash to all holders of common stock, but the seven directors who were also holders of such stock, immediately returned their dividends to the corporation and received in exchange promissory notes in amounts equal to their respective dividends. Only one of the seven notes has been paid. The present action was brought on April 14, 1944, to recover upon the one given plaintiff. The trial court found "that any irregularity in the declaration of the dividend of March 15, 1940, has been ratified and confirmed by [defendant] corporation" and entered judgment for plaintiff. Defendant appeals.

Defendant contends that since the authority to declare a dividend is vested in the board of directors (Civ. Code, §§ 305, 363) and since the directors can pass a valid resolution only if the board is duly assembled for the purpose of transacting corporate business (Civ. Code, § 307; *Pauly* v. *Pauly*, 107 Cal. 8, 18 [40 P. 29, 48 Am.St.Rep. 98] ; *Hotaling* v. *Hotaling*, 193 Cal. 368, 377 [224 P. 455, 56 A.L.R. 734] ; *Curtin* v. *Salmon River etc. Co.*, 130 Cal. 345, 350 [62 P. 552, 80 Am.St.Rep. 132] ; see 6A Cal.Jur. 1097), the declaration of the dividend was invalid, and that therefore the corporation issued the note to plaintiff without consideration. A resolution of the board of directors declaring a dividend, even though it is unlawful in its inception for lack of a duly held meeting, can be ratified by the board of directors, and such ratification does not require the holding of a regular meeting of the board or the passing of a resolution declaring the ratification (*Brown*. v. *Crown Gold Milling Co.*, 150 Cal. 376, 387 [89 P.. 86] ; *Scott* v. *Superior Sunset Oil Co.*, 144

Cal. 140, 143 [77 P. 817]; *Hibernia Sav. & Loan Soc.* v. *Belcher*, 4 Cal.2d 268, 276 [48 P.2d 681]; see 6A Cal.Jur. 1181; 19 C.J.S. 495-507; 11 Fletcher, Corporations, § 5351). "Anything from which it may be clearly found . . . that the board as a board has agreed that the void act should be binding will suffice." (*Milligan* v. *C. D. Milligan Grocer Co.*, 207 Mo.App. 472 [233 S.W. 506, 510].) Thus, in *Hibernia Savings & Loan Soc.* v. *Belcher*, 4 Cal.2d 268, 275 [48 P.2d 681], it was held that if authority to make the assignment there involved was vested only in the board of directors, the subsequent acquiescence of an absent director in the assignment made at a special meeting attended by only two of the three directors of the corporation constituted an implied ratification of the assignment. ■ In the present case the record discloses that each director returned the cash payment and accepted in exchange a note similar to the one given plaintiff; that all of these notes were carried as notes payable upon subsequent financial statements of the corporation; and that one of them has since been paid. This evidence supports the finding of the trial court that the irregularity of the resolution declaring the dividend was cured by subsequent ratification of the dividend. In *Milligan* v. *G. D. Milligan Grocer Co., supra*, a dividend declared at an invalid meeting of the board of directors was held to be ratified under similar circumstances. The court stated that "the fact that the dividend was credited on the books of the corporation to the individual stockholders immediately after it was purported to be declared, and had been permitted to so remain for about 18 months before this suit was brought, and that in the meantime at least one regular meeting of the board was held and no order made of record disaffirming . . . the dividend, was sufficient to support the finding of ratification" (233 S.W. at p. 510). ■ Since a ratification has retroactive effect (see 19 C.J.S. 505) the dividend must be regarded as authorized by the board of directors as of the time when it was declared, and thus, plaintiff did not acquire the note without consideration.

■ Defendant applied for the admission of additional evidence under section 956a of the Code of Civil Procedure that since the issuance of the note in 1940, defendant defaulted on the payment on dividends on its preferred stock, that the last dividend on that stock was paid in January, 1942, and that therefore the corporation by paying the note

would violate its articles of incorporation, which provide that the dividends on the preferred stock are cumulative and payable before any dividends on the common stock are paid. It is immaterial, however, whether the corporation became delinquent on its preferred stock years after the dividend on the common stock was declared. Each holder of common stock acquired a vested right to the payment of the dividend, which cannot be defeated by later revocation of the dividend without his consent. (*Smith* v. *Taecker,* 133 Cal.App. 351, 352 [24 P.2d 182] ; see Ballantine, Private Corporations, 502, 504, and cases there cited.) Under these circumstances it is unnecessary to determine whether the taking of additional evidence would otherwise be proper.

■ Defendant also contends that the dividend was not declared out of surplus or net profits as required by section 346 of the Civil Code. Defendant's answer to the complaint did not raise this issue, and at the trial defendant limited its defense to the issue that the dividend was declared at a meeting of the board of directors that was not properly held. When the trial judge stated at the trial: ''I have looked over the answer. The only defense seems to be that it was a dividend that was not properly declared,'' counsel for defendant declared, ''Our defense is that there was no legal meeting at which the dividend was declared.'' The issue whether defendant had sufficient surplus or net profits to declare a dividend is entirely different from the issue whether the board of directors had properly authorized the dividend, and cannot first be raised on appeal. ■ Even in a complaint of a shareholder seeking the payment of a dividend declared by the corporation the plaintiff need not allege that the corporation had the necessary surplus or profits. Any issue as to the availability of the surplus or profit required for the declaration of a dividend must be raised by the corporation. (See 11 Fletcher, Corporations, § 5365; 55 A.L.R. 8, 145; 76 A.L.R. 885, 896; 109 A.L.R. 1381, 1400; 13 Am.Jur. 736.) Moreover, the testimony of defendant's secretary, on which defendant relies, to the effect that the payment of the dividend to the directors in cash ''would have run our working capital a little short at that time'' falls short of establishing that defendant lacked the required surplus or net profits.

■ Furthermore, section 364 of the Civil Code, as it read when the dividend was paid to plaintiff and when he exchanged it for the note sued upon, provided that a corpo-

ration could recover an illegally paid dividend only it it had been declared insolvent or bankrupt. Since defendant could not recover the dividend that plaintiff exchanged for the note, the dividend was consideration for the note, even if it be assumed that the dividend was declared in violation of section 346.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied November 25, 1946.