ESTATE OF LLOYD E. CRELLIN, DECEASED, CENTRAL BANK, A CORPORATION, EXECUTOR, ET AL., PETITIONERS,[1] v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27089, 27090, 27091, 27092, 27093.
Promulgated November 13, 1951.

M. W. Dobrzensky, Esq., for the petitioners.
T. M. Mather, Esq., for the respondent.

### OPINION.

TURNER, Judge: The respondent has determined deficiencies in income tax against the petitioners for 1946 as follows:

| Docket No. | Petitioner | Deficiency |
|---|---|---|
| 27089 | Estate of Lloyd E. Crellin | $8,823.09 |
| 27090 | Laura C. Fitzgerald | 19,794.50 |
| 27091 | Mona L. Crellin | 11,027.37 |
| 27092 | Ethel C. Hall | 10,336.70 |
| 27093 | Jane E. Everett | 13,072.31 |

The only issue presented is whether the respondent correctly determined that a certain dividend received by the petitioners during 1946 and thereafter returned to the paying corporation before the close of the year constituted taxable income to the petitioners for that year.

The facts have been stipulated and are found accordingly.

The petitioners filed their 1946 income tax returns with the collector at San Francisco, California.

Thomas Crellin Estate Company, sometimes hereafter referred to as Crellin Company, is a California corporation. Crellin Company is,

---

[1] Proceedings of the following petitioners are considered herewith: Laura C. Fitzgerald, Mona L. Crellin, Ethel C. Hall, and Jane E. Everett.

and throughout 1946 was, a personal holding corporation as defined by section 501 of the Internal Revenue Code. During 1946, the stock of Crellin Company was owned equally by the petitioners. The directors of the corporation were as follows:

Laura C. Fitzgerald
Mona L. Crellin
Ethel C. Hall
Jane E. Everett
Crellin Fitzgerald

Prior to June 20, 1946, Crellin Company had on hand as long term capital gains derived from the sale of certain of its securities and available for distribution as dividends, approximately $100,000 in cash, after provision for the alternative tax on capital gains in the amount of 25 per cent of the excess of net long term capital gains over short term capital losses, under section 117( c) (1) of the Code. The corporation's directors were aware of its status as a personal holding corporation but nevertheless desired to have it reinvest the $100,000 unless distribution of the amount as dividends was necessary in order for the corporation to avoid payment of the personal holding corporation surtax on undistributed income. Accordingly, Crellin Fitzgerald, a director of the corporation and also an attorney, consulted a certified public accountant about the matter. For a number of years the accountant had been enrolled to practice before the Treasury Department and had been practicing as a public accountant and tax consultant. For several years he had prepared the corporation's Federal and state tax returns. He advised Fitzgerald that unless the capital gains in question were distributed they would be taxable to the corporation as personal holding corporation income.

Fitzgerald, relying upon what he had been told by the accountant, advised Crellin Company's board of directors that if the capital gains were not distributed as a dividend to its stockholders, the corporation would be subject to the person holding corporation surtax thereon and also advised the board that it was its duty to declare and make a distribution of such capital gains lest the corporation be subjected to such surtax. Pursuant to such advice the corporation's board of directors, at a special meeting held on June 20, 1946, declared a dividend of $11.11 a share, aggregating $99,990, on the corporation's stock, payable immediately. In addition to Crellin Fitzgerald, petitioners Mona L. Crellin, Ethel C. Hall, and Jane C. Everett were present at the meeting. Thereafter, in June 1946, the dividend was paid and each of the petitioners received $19,998, which they deposited in their respective bank accounts.

During the latter part of November 1946, Crellin Fitzgerald learned that on December 9, 1943, the Commissioner of Internal Revenue had issued a special ruling relating to the taxability of capital gains

realized by personal holding corporations. After reading that ruling, he learned for the first time that the advice he had received from the accountant and had passed on to the corporation's board of directors was erroneous and that distribution of the capital gains was not required in order to avoid the personal holding corporation surtax. He notified the corporation's board of directors of his findings and suggested that the resolution declaring the dividend on June 20, 1946, be rescinded, the stockholders be notified accordingly and that the money paid pursuant to such declaration be returned forthwith to the corporation. At a special meeting of the board of directors held on December 28, 1946, at which Crellin Fitzgerald and petitioners Laura C. Fitzgerald, Mona L. Crellin, Ethel C. Hall, and Jane C. Everett were present, the following resolutions were adopted:

RESOLVED, that the resolution of the board of directors of this corporation adopted at the special meeting of the board held June 20, 1946, reading as follows:

"RESOLVED, that a dividend of Eleven Dollars and Eleven Cents ($11.11) a share, aggregating Ninety Nine Thousand Nine Hundred and Ninety Dollars ($99,990.00) be and the same is hereby declared on the capital stock of the company, payable immediately,"

be and the same is hereby rescinded, the said resolution having been adopted by the board of directors solely because of the mistaken belief that, under the Revenue Laws, the corporation would have been subjected to onerous Federal taxes had not the purported dividend been declared; and

BE IT FURTHER RESOLVED, that demand be made forthwith upon the shareholders of the corporation to whom purported dividends were paid under said resolution of June 20th, 1946, demanding that they forthwith return to the corporation the amounts so paid to them respectively under the aforesaid mistaken action of the board of directors.

Thereupon, demand was made by the corporation for repayment of the dividend and each of the petitioners, prior to December 31, 1946, repaid to the corporation $19,998, the amount that had been paid to them pursuant to the dividend declaration of June 20, 1946.

But for their mistaken belief, based upon the erroneous advice given them by Crellin Fitzgerald, as heretofore set out, the corporation's board of directors would not have declared or paid the dividend of June 20, 1946, and none of the members of the board would have voted in favor of it. Each of the petitioners in making repayment of the dividend did so in recognition of the fact that the board of directors would not have declared or paid the dividend except for the erroneous advice given the board, as heretofore set forth.

In determining the deficiencies herein, the respondent has determined that the $19,998 received by each of the petitioners constituted gross income to them and that no reduction of gross income was allowable because of the subsequent repayment to the corporation of the amount so received.

The petitioners contend that since the dividend was mistakenly

declared by the corporation and paid to them during their taxable year 1946, and later, before the close of that year, was rescinded by the corporation and repaid by them to the corporation, it was not income to them in 1946. The respondent urges that the dividend was lawfully declared and paid, that as such it became gross income to the petitioners for 1946 and that its repayment to the corporation under the circumstances presented does not warrant its exclusion from their gross income.

The petitioners do not contend that the dividend was not lawfully declared or paid. However, they take the position that since the dividend was declared and paid on account of the mistaken belief of the corporation's board of directors that otherwise the corporation would incur the holding corporation surtax, the declaration and payment of the dividend constituted a completed contract between them and the corporation which was rescindable under California law and that upon rescission they became obligated to make repayment. While paragraph 1689 of the Civil Code of California provides that a party to a contract may rescind if his consent was given by mistake, and further, that rescission may be by consent of all other parties to the contract, the petitioners do not cite us to any decision of the California courts, nor have we found any, which indicates that those provisions are applicable in the case of a corporate dividend.

Some suggestion is made by the petitioners, on brief, that there was such a mutual mistake by all the corporation's directors, who were stockholders and who voted to declare the dividend, as to warrant rescission. The rule which permits relief from the results of mistakes of law or of fact is founded upon the principle that no one should be allowed to enrich himself unjustly at the expense of another. *Clifton Mfg. Co. v. United States*, 76 F. 2d 577. One of the principal incidents of the ownership of corporate stock is the right to receive dividends. In view of that, we fail to see how the receipt by a stockholder of a dividend declared by the directors out of funds available for that purpose through the mistaken belief that the corporation thereby was avoiding a tax any more unjustly enriches the stockholder than if the directors acted through a correct belief. In neither instance is there any unjust enrichment of the stockholder.

The rule respecting the effect of a declaration of a corporate dividend and the corporation's power to rescind was stated in *United States v. Southwestern Portland Cement Co.*, 97 F. 2d 413, as follows:

* * * The general rule is that a complete and valid declaration of a dividend operates to create a debtor-creditor relationship between a corporation and its stockholders and that once a dividend is fully declared and public announcement has been made of that fact, a board of directors is powerless to rescind or revoke its action, the reason being that a "debtor" cannot rescind its debt. * * *

See also *Commissioner* v. *Scatena*, 85 F. 2d 729; *Louisville Trust Co.* v. *Glenn*, 65 F. Supp. 193; *Fletcher Cyclopedia of Corporations*, vol. 11, ¶5323. Likewise in California, the rule is that a dividend which has been lawfully declared and paid cannot be rescinded by the corporation without the consent of the stockholders. *Meyers* v. *El Tejon Oil & Refining Co.*, 29 Cal. 2d 184, 174 P. 2d 1.

In the absence of a showing or contention that the dividend in question was not regularly and lawfully declared and paid, we must conclude that the directors were without power or authority to rescind it and that its repayment to the corporation by the petitioners was without obligation and purely voluntary.

In further support of their contention that the dividend was not income to them in 1946, the petitioners rely, among others, on *Albert W. Russell*, 35 B. T. A. 602, and *Curran Realty Co.*, 15 T. C. 341. Those cases involved repayments made under new contracts entered into by the taxpayers. In the *Russell* case, a reduction was made in the taxpayer's salary by an agreement during the taxable year and after the salary originally fixed had been paid in full. In *Curran Realty*, a reduction was made of rent by agreement during the taxable year and after the rent originally fixed had been received. In each case the reduction was made because the amount originally fixed was ascertained to be excessive and was so admitted by the taxpayer. The excessive portion was repaid during the taxable year in the *Russell* case, and within about a week following the close of the taxable year in *Curran Realty*, where the taxpayer accounted for income on the accrual basis. In each of the cases it was held that only the reduced amount constituted taxable income to the taxpayer. In the instant cases, the dividend was received by the petitioners as an incident to their stock ownership. No question as to excessiveness is involved and, so far as appears, repayment was made by petitioners pursuant to unilateral action of the corporation and not pursuant to any new agreement between them and the corporation. Because of the factual differences, we think the *Russell* and *Curran Realty* cases have no application here.

Concededly, the distribution made to the petitioners in June 1946 was a dividend. As such, it constituted income to them. After receipt of the dividend they were free to do with it as they saw fit, without any obligation whatever to the corporation with respect to it. That they later, during their taxable year, voluntarily returned it to the corporation in nowise detracted from the fact that they had received income and in nowise gave rise to any deduction allowable to them under the Code with respect thereto. The action of the respondent was correct and is sustained.

*Decisions will be entered for the respondent.*