## CRELLIN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13275.

United States Court of Appeals
Ninth Circuit.

May 6, 1953.

Rehearing Denied June 3, 1953.

M. W. Dobrzensky, E. B. Kelly, S. H. Dobrzensky, Oakland, Cal., for petitioners.

Ellis N. Slack, Acting Asst. Atty. Gen., I. Henry Kutz, Sp. Asst. to Atty. Gen., Mason B. Leming, Acting Chief Counsel, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before ORR, Circuit Judge, and LING and BYRNE, District Judges.

ORR, Circuit Judge.

Petitioners are stockholders in a California personal holding corporation. During the year 1946 the directors of the holding company declared a dividend of an amount about equal to a capital gain it had realized on the sale of certain of its securities. The directors, in declaring the dividend, were actuated by a belief that the gains, unless distributed, would be subject to the personal holding company surtax. This belief was based upon the advice of a certified public accountant. Each petitioner received the amount of dividend to which it or she was entitled and deposited the respective amounts in separate bank accounts. Later in the same year the directors learned that the advice they had received from the accountant was erroneous and, being of the opinion that a recall of the dividends and the return to it of the amounts paid to stockholders would decrease the taxable income of the stockholders and permit an advantageous investment of the said amounts, the holding company passed a resolution purporting to rescind the dividend and directing that a demand be made upon the stockholders for the return of the amounts paid pursuant thereto. The demands were made and the stockholders complied.

The question posed is: Did the action of the directors in attempting to rescind the dividend and the repayment of the stockholders in the year the dividends were declared and received (1946) change the character of the dividend payments so as to authorize their exclusion from the gross income of petitioners? It is clear that the amounts of the dividends were received by petitioners under a claim of right without restriction as to use. North American Oil Consolidated v. Burnet, 1932, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197. Petitioners tell

us that the declaration of the dividends was made under a mistake of law; hence, the rescission was lawful and the repayment by them of the dividends could have been legally enforced.

To the contrary respondent urges that the repayment of the dividends could not have been required, hence, the stockholders' action in doing so was entirely voluntary and the return by them of the amounts received was no more than a contribution to capital. Respondent urged in oral argument that our case of United States v. Lesoine, 9 Cir., 203 F.2d 123, is determinative here. We do not think so. The Lesoine case is authority for the proposition that if a dividend is received in a given year under a claim of right and without restriction as to use, but in a subsequent year the invalidity of the dividend is established and its return compelled, the amount so returned is nonetheless taxable in the year received. If the repayment could have been compelled, however, the stockholder is entitled to a deduction in the year of repayment. Petitioners' contention that the amounts of the dividend payments were not a part of their respective gross incomes for the year 1946, the dividend having been both received and returned in that year, is therefore valid if the repayment could have been required. It is the year in which a legally rescindable dividend is returned that determines when the deduction from gross income may be taken.[1] On the other hand, a so-called "rescission" which does not have the force and effect in law of compelling the return of payments made under a dividend declaration, but which in reality is a voluntary act, cannot create a deduction in any year.

The answer to whether the return of the amounts received by petitioners could have been enforced must be found in a consideration of the legal effect of the declaration of the dividend at the time it was made.

That is to say, could the holding company have compelled restitution merely because of the alleged mistake of its directors had the stockholders elected to retain the dividends?

The dividend having been declared, the stockholders acquired a vested right to the payment. In recognition of this right payment was made by the holding company and the moneys paid became the property of the stockholders, theirs to retain and do with as they chose, the holding company being without power to recapture it without stockholders' consent. Meyers v. El Tejon Oil & Refining Co., 1946, 29 Cal. 2d 184, 174 P.2d 1. So we have money received under a claim of right, pursuant to action of the board of directors which is irrevocable, absent consent of the recipients.

At the time of the declaration of the dividend the holding company was solvent and the stockholders received the dividend in good faith. Thus, under the California statute then controlling, had the dividend been improper repayment could not have been compelled. See California Civil Code (1945) § 364, St.1945, p. 2451. Rescission in this case is stated by petitioners to find warrant in § 1689 of the Civil Code of California. We, in accord with the Tax Court, do not think these provisions are applicable in the case of corporate dividends. Nor is petitioners' reliance upon the rule set forth in § 19 of the Restatement of Restitution (1937)[2] well founded. Although the board of directors may in a sense be said to have conferred a benefit, retention of a legal dividend by the stockholders of a corporation may hardly be characterized as unjust, since the stockholders are in reality the owners of the fund which has been distributed among them. See Oilwell Chemical & Materials Co. v. Petroleum Supply

---

1. When payment and return of the dividend occur within the same taxable year, it is reasonable to view the transaction as involving no increment to gross income, rather than an increment to gross income plus a deduction.

2. "19. Mistaken Belief as to Existence of a Noncontractual Duty to Pay.

"A person who has paid money to another because of an erroneous belief induced by a mistake of fact that he was thereby performing in whole or in part a duty to the payee, other than a contract duty, is entitled to restitution of the amount so paid if such duty did not exist."

Co., 1944, 64 Cal.App.2d 367, 373, 148 P.2d 720, 723.

In short, for tax purposes, it is that which the holding company could have compelled, not that in which the stockholders were willing to acquiesce, which controls. Otherwise, the taxpayers in this case could "lift the federal tax-hand" to suit their convenience. See Leicht v. C.I. R., 8 Cir., 1943, 137 F.2d 433, 435. We recognize that action may be taken by a party which results in a tax saving providing the action is authorized by law. But substance prevails over form. The consent given by petitioners and relied upon by them as justifying "rescission" was in fact no more than a voluntary payment by stockholders. The judgment of the Tax Court is affirmed.

Affirmed.