Mark G. Anton and Adele B. Anton, et al.,[1] Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 74337, 74336. Filed August 15, 1960.

---

[1] Proceeding of the following petitioners is consolidated herewith: Estate of Thalia E. Graff Smith, Deceased, Sylvester C. Smith, Jr., Executor, and Sylvester C. Smith, Jr., Docket No. 74336.

*Samuel J. Foosaner, Esq.*, for the petitioners.
*Arthur Pelikow, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax for 1953 of $13,605.96 against Mark G. and Adele B. Anton, and $4,617.86 against the Estate of Thalia E. Graff Smith and Sylvester C. Smith, Jr. The question for decision is whether Mark and Sylvester realized taxable income from a dividend paid to their children on personal holding company stock which they had given to their children prior to the declaration and record date of the dividend. All of the facts have been stipulated and are hereby found as stipulated.

The Antons and Smiths were married couples during 1953, who filed joint returns for that year with the district director of internal revenue at Newark, New Jersey.

The stock of S.B.N. Gas Company, a New Jersey corporation, was owned prior to May 9, 1953, as follows:

|  | Shares |
|---|---|
| Sylvester C. Smith, Jr. | 150 |
| Mark G. Anton | 502 |
| Adele B. Anton | 6 |
| Mark J. Anton | 91 |
| Jane Anton | 91 |
| Total | 840 |

That corporation and the Commissioner of Internal Revenue entered into a final agreement on March 25, 1953, as to the corporation's liability for income tax and personal holding company surtax for the years 1947 through 1950 under which the total personal holding company surtax agreed to for that period was $69,857.61.

The minutes of a special meeting of the board of directors dated April 17, 1953, record that the corporation was advised that it would be permitted to declare dividends which could be applied against the personal holding company surtax liability for the prior years and could thereby wipe out substantially all of the unpaid deficiency. Action was taken at that meeting in order to accomplish that result, to notify the Commissioner, to execute and file a "Claim for Deficiency Dividends Credit, or Credit or Refund Under Section 506 of the Internal Revenue Code" and to declare a dividend in the amount of $83,118, representing $98.95 per share payable on or about May 10, 1953, to stockholders of record as of that date. The corporation had accumulated earnings and profits of $604,929.66 at that time.

Mark gave 56 shares of his stock to each of his children, Mark J. and Jane, on May 9, 1953, and Sylvester, on that same day, gave 35 shares of his stock to each of his daughters, Paige Bigelow and

Thalia B. Smith. Gift tax returns reporting those gifts were filed and accepted by the Commissioner as filed.

The corporation paid the dividend as declared. Mark J. and Jane Anton thus received a total of $11,082.40 on the 112 shares just given to them by their father, and Paige Bigelow and Thalia B. Smith thus received a total of $6,926.50 on the 70 shares just given to them by their father. The children reported those dividends on their income tax returns for 1953.

The Commissioner, in determining the deficiencies, held that the $11,082.40 received by the two Anton children and the $6,926.50 received by the two Smith children were includible in the income of the fathers.

The petitioners base their argument upon the fact that the stock did not belong to the fathers of the children at the time the dividends were paid and *Lucas* v. *Earl*, 281 U.S. 111, and *Helvering* v. *Horst*, 311 U.S. 112, do not apply because they had given away the "tree" and consequently the "fruit" was not taxable to them, citing *Wodehouse* v. *Commissioner*, 177 F. 2d 881.

The stock in question was transferred to the children after the corporation had declared the dividend out of available earnings and profits. That declaration created a debtor-creditor relationship between the corporation and its then stockholders. The fathers as stockholders had a vested right in the dividend as of the date of its declaration, and the provision for payment to stockholders of record as of a later date was a mere convenience either for their supposed benefit or for the benefit of the corporation. *Estate of Lloyd E. Crellin*, 17 T.C. 781, affd. 203 F. 2d 812, certiorari denied 346 U.S. 873; *United States* v. *Southwestern Portland Cement Co.*, 97 F. 2d 413; *Lamberth* v. *Commissioner*, 120 F. 2d 101. The above is the law in New Jersey. *Heller's Estate*, 14 N.J. Super. 152, 81 A. 2d 418; *Martindell* v. *Fiduciary Counsel*, 133 N.J. Eq. 408, 30 A. 2d 281; *Barbato* v. *Breeze Corporations*, 128 N.J.L. 309, 26 A. 2d 53; *Beattie* v. *Gedney*, 99 N.J. Eq. 207, 132 A. 652. Thus, the transfer of the stock, insofar as it carried with it the right to receive the dividend in question, did not, under *Helvering* v. *Horst*, *supra*, relieve the fathers of the income tax on the dividend paid the next day on those shares.

The principles applicable here are not comparable to those governing taxability of a dividend declared before but paid after an arm's-length sale of the stock or to those governing the taxability of a dividend declared before but paid after the death of the owner. Cf. *Estate of George McNaught Lockie*, 21 T.C. 64. The question here is whether a father can avoid Federal income tax after a dividend has been declared by giving his stock to his children just before the

record and payment date. The situation would be different as to subsequent dividends. Cf. *Fidelity-Philadelphia Trust Co., Executor*, 16 B.T.A. 1214. Here, as in the *Horst* case, the fathers gave to their children their right to receive income within a short time, had the satisfaction accompanying such a gift, and are taxable on the dividend when it was paid to their children. Cf. *Estate of Bertha May Holmes*, 1 T.C. 508, appeal dismissed (C.A. 2, 1945).

It is not necessary to consider the alternative contention of the Commissioner.

*Decisions will be entered for the respondent.*