United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60225
_____

INTERTAN INC,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the United States Tax Court
9599-02

Before GARWOOD, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

InterTan, Inc. ("InterTan") appeals the tax court's assessment of an accuracy-related penalty for substantial underpayment of tax liability based on InterTan's 1993 tax return. We AFFIRM the judgment of the Tax Court.

A determination as to whether a taxpayer acted with reasonable reliance and in good faith is reviewed for clear error. Srivastava v. Commissioner, 220 F.3d 353, 367 & n.42 (5th Cir. 2000). Whether substantial authority exists for treating a transaction in a given manner is a mixed question of law and fact.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Therefore, legal conclusions are subject to <u>de novo</u> review, and factual determinations are reviewed for clear error. <u>Westbrook v. Commissioner</u>, 68 F.3d 868 (5th Cir. 1995).

An accuracy-related penalty will not apply when a taxpayer, acting in good faith, reasonably relies on professional advice with respect to the tax treatment of a particular transaction. TREAS. REG. § 1.6664-4(b)(1). This inquiry is fact-specific and made on a "case-by-case basis." <u>Id.</u> "The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." <u>Id.</u> Any reliance on professional tax advice also presupposes that the taxpayer gave the advisor all information material to the tax return and any key transactions. See <u>Westbrook v. Commissioner</u>, 68 F.3d 868, 881 (5th Cir. 1995).

The Tax Court's factfindings on the diligence of InterTan and the reasonableness of its reliance on PriceWaterhouse are supported by the record. The absence of any documentation that PriceWaterhouse was aware of ITC's financial condition and testimony by a PriceWaterhouse employee at trial demonstrates that the accountants were unaware of the arrangement between InterTan and the Royal Bank. The Tax Court's findings cannot be clearly erroneous.

In the alternative, InterTan asserts, contrary to the Tax Court's decisions, that it had "substantial authority" that the transaction was lawful and thus no penalty should have been imposed

by the Commissioner.  <u>See</u> 26 U.S.C. §§ 6662(d)(1), (2); Treas. Reg. §§ 1.6662-4(a), (b), (d)(2).  InterTan relies on two cases as substantial authority for its tax treatment of the transaction.  In <u>Soreng v. Commissioner</u>, 158 F.2d 340 (7th Cir. 1946) and <u>Crellin's Estate v. Commissioner</u>, 203 F.2d 812 (9th Cir. 1953), courts treated distributions to shareholders that were held briefly, with the money being returned to the corporation, as dividends for tax purposes.  In <u>Soreng</u>, however, the agreement was between a third-party lender and the shareholders themselves; the shareholders were free to choose their own arrangements, and the overall arrangement had an independent business purpose.  In <u>Crellin's Estate</u>, a holding company rescinded a dividend after learning that the tax advice triggering the dividend payment was incorrect.  203 F.2d at 813.  <u>Crellin</u> is readily distinguishable because the company undeniably declared a dividend and then later revoked it based on an agreement with its shareholders.  The issue whether the payment constituted a dividend in the first instance was not before the court.  By contrast, in this case, InterTan set up the entire transaction and directed the conduct of the other players, all subject to the underlying obligation to the Royal Bank.  The cases are so fundamentally distinguishable as not to amount to substantial authority.

Because InterTan is unable to prevail on either claim of error, the judgment of the tax court is **AFFIRMED.**

3